UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| MARGERY BYRD, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | No. 1:26-cv-71 |
| v. | ) | |
| | ) | Judge Curtis L. Collier |
| CIRCLE K STORES, INC., | ) | |
| | ) | Magistrate Judge Christopher H. Steger |
| *Defendant*. | ) | |

**M E M O R A N D U M**

Before the Court is Plaintiff Margery Byrd's motion for relief from the scheduling order and for relief under Federal Rule of Civil Procedure 56(d). (Doc. 29.) Defendant Circle K Stores, Inc. ("Circle K") has not responded[1] to Plaintiff's motion, and the time to do so has elapsed. *See* E.D. Tenn. L.R. 7.1(a).

## I. BACKGROUND

This matter concerns a personal injury claim where Plaintiff alleges that she was at a Circle K convenience store when her "foot suddenly and unexpectedly entered an exposed and improperly maintained drain hole in the restroom floor." (Doc. 1-1 at 5–6.) Plaintiff alleges that Circle K was negligent. (*Id.* at 6.) The Court issued a scheduling order in this case on April 17, 2026, which required discovery to be completed by July 17, 2026. (Doc. 15 at 2.) On July 1, 2026, Plaintiff requested an extension of the discovery deadline because "final medical records [were] still being obtained and [were] not yet available." (Doc. 20 at 1.) On July 6, 2026, the Court granted Plaintiff's motion and extended the discovery deadline to September 16, 2026.

[1] Circle K has not filed a response to Plaintiff's motion, but Plaintiff represents that "Defendant does not consent" to the motion. (*See* Doc. 29 at 2.)

(Doc. 21.) On October 16, 2026, after the close of discovery, Circle K filed a motion for summary judgment. (Doc. 27.) Subsequently, on October 20, 2026, Plaintiff filed the present motion pursuant to "Fed. R. Civ. P. 16(b)(4) and 56(d)" seeking leave "to depose Theresa Moman, the Circle K clerk on duty at the time of the incident, and Melissa Webb, the store manager, each for no more than two hours," and requesting that the Court "defer[] Plaintiff's response to Defendant's Motion for Summary Judgment [Doc. 27] until those depositions [were] complete." (Doc. 29 at 1.)

In support of her motion, Plaintiff notes that "Defendant moved for summary judgment on the ground that Plaintiff cannot show Circle K had notice of the condition," but "[i]ts motion includes no testimony from any employee." (*Id.*) Plaintiff then argues that "Circle K's initial disclosures did not list Ms. Moman as a person likely to have discoverable information," but that "[o]n October 19, 2026, Plaintiff confirmed Ms. Moman's role, served supplemental disclosures identifying her . . . and requested Defendant's consent to these [sic] depositions." (*Id.* at 1–2.) Plaintiff asserts that "Circle K produced an incident report bearing Ms. Moman's name, but nothing in its disclosures identified her as the employee on duty and responsible for the premises when Plaintiff was injured." (*Id.* at 1.) According to Plaintiff, "Ms. Moman was responsible for the premises when Plaintiff was injured and can testify to whether the drain cover was missing before the incident, for how long, and whether she or other employees knew of or reported it." (*Id.* at 2.) Plaintiff does not explain the delay for Ms. Webb's deposition in her motion but offers that she "can testify to the store's inspection and maintenance procedures, any prior reports or repairs involving the drain, Ms. Moman's assigned duties that day, what Ms. Moman reported afterward, and the incident report and surveillance video." (*Id.*)

On October 21, 2026, Circle K filed a notice to strike its pending motion for summary judgment. (Doc. 30.) On November 4, 2026, the Court construed Circle K's notice to strike as a motion to withdraw its motion for summary judgment and instructed the clerk to terminate the motion for summary judgment. (Doc. 31.) Plaintiff's present motion requests leave to conduct these depositions under Federal Rule of Civil Procedure 56(d) and Federal Rule of Civil Procedure 16(b)(4). (Doc. 29 at 1.) Because Defendant's motion for summary judgment was withdrawn (*see* Doc. 31), the Court will only proceed with analysis under Rule 16(b)(4).

## II. <u>STANDARD OF REVIEW</u>

Under Federal Rule of Civil Procedure 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (quoting *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001)). "Another relevant consideration is possible prejudice to the party opposing the modification." *Id.* The Court of Appeals for the Sixth Circuit has identified several relevant factors to this inquiry, including:

> (1) when the moving party learned of the issue that is the subject of discovery; (2) how the discovery would affect the ruling below [(i.e., the outcome at the trial court)]; (3) the length of the discovery period; (4) whether the moving party was dilatory; and (5) whether the adverse party was responsive to prior discovery requests.

*Dowling v. Cleveland Clinic Found.*, 593 F.3d 472, 478 (6th Cir. 2010).

## III. <u>DISCUSSION</u>

The Court analyzes each *Dowling* factor in turn, followed by a discussion of prejudice to Defendant.

### A. When the Moving Party Learned of the Issue that is the Subject of Discovery

Plaintiff states that "[o]n October 19, 2026, Plaintiff confirmed Ms. Moman's role." (Doc. 29 at 1.) However, Plaintiff was aware of Ms. Moman at least as early as April 2026 given that her name was on the relevant incident report, which Defendant included in its initial disclosures. (*Id.*; *see also* Doc. 29-2 at 2.) Plaintiff has not identified when she learned of the need to depose Ms. Webb, other than on October 16, 2026, when Defendant filed a motion for summary judgment. However, Ms. Webb was included in Defendant's initial disclosures—which were provided to Plaintiff in April 2026—and is listed on the incident report. (Doc. 29-2 at 2.) Surely Plaintiff could have foreseen that these may have been relevant individuals to depose. The Court finds that Plaintiff had adequate notice and time to discover the need to depose both Ms. Moman and Ms. Webb well before October 2026. The first factor therefore weighs against Plaintiff.

### B. How the Discovery Would Affect the Ruling Below

Plaintiff argues that Defendant's—now withdrawn—motion for summary judgment "turn[ed] entirely on notice, which may be shown by proof that Circle K created the condition, knew of it, or should have discovered it given how long it existed." (Doc. 29 at 2.) Plaintiff asserts that the testimony of Ms. Moman and Ms. Webb would "determine[] whether Circle K created the condition, knew of it, or would have discovered it through reasonable inspection." (*Id.*) However, "[t]his is a *Dowling* factor routinely noted in opinions but to which significant analysis is rarely afforded, as it is not related to the primary question of a party's diligence." *Mercer v. Wal-Mart Stores E., Ltd. P'ship,* No. 4:23-cv-119, 2024 U.S. Dist. LEXIS 97056, at *7–8 (W.D. Ky. May 31, 2024). The additional depositions of Ms. Moman and Ms. Webb could be relevant to Plaintiff's claims and thus weighs in Plaintiff's favor. However, such "favorable finding carries the least weight in the analysis." *See id.*

### C. The Length of the Discovery Period

The scheduling order was entered on April 17, 2026, and originally afforded Plaintiff approximately three months to complete discovery by July 17, 2026. (Doc. 15 at 2.) The Court then granted Plaintiff's motion for relief from the scheduling order, extending the discovery deadline to September 16, 2026. (Doc. 21.) In total, the parties had approximately five months to conduct discovery which is "a relatively standard window for discovery." *See 7D Holdings, LLC v. Jawk Holdings LLC*, No. 1:24-cv-33, 2025 U.S. Dist. LEXIS 34478, at *5 (W.D. Ky. Feb. 25, 2025). Plaintiff had sufficient time in discovery to take these depositions. This factor weighs against Plaintiff.

### D. Whether the Moving Party was Dilatory

Plaintiff's counsel was dilatory in failing to seek depositions from Ms. Moman and Ms. Webb. Ms. Webb was included on Defendant's initial disclosures, which provided that "Circle K employee Melissa Webb is identified on the incident report related to the February 25, 2025, incident and has knowledge related to the surrounding circumstances of the same." (Doc. 29-2 at 2.) Plaintiff has not provided the Court with any justification for why Ms. Webb could not have been deposed during the five months of discovery. As to Ms. Moman, Plaintiff is correct that her name is not included in the list of individuals likely to have discoverable information. (*See id.* at 1–2.) Even though Ms. Moman was not included in this list, Plaintiff concedes that her name was on the relevant incident report produced with Defendant's initial disclosures in April 2026. (*Id.*; Doc. 29 at 1.) Plaintiff does not explain why it took nearly six months, until October 2026, to discover Ms. Moman's role and that she would need to be deposed. This factor also weighs against Plaintiff's motion.

### E. Whether the Adverse Party was Responsive to Prior Discovery Requests

Plaintiff does not discuss this factor directly. Ms. Webb was on Defendant's initial disclosures (Doc. 29-2 at 2), and Plaintiff has not referenced any further discovery requests related to her. The Court cannot say that Defendant was not responsive to prior discovery requests for Ms. Webb. For Ms. Moman, she was not included in Defendant's initial disclosures of individuals likely to have discoverable information. (Doc. 29 at 1.) However, Defendant did provide a supplemental initial disclosure on October 19, 2026, providing the following:

> Theresa Moman – former Circle K employee. Address unknown. Ms. Moman was identified in the incident report which was provided to the Plaintiff on April 14, 2026 as part of Defendant's Initial Disclosures. Defendant has not spoken with Ms. Morman [sic] and thus does not know what if any discoverable information she possesses. She is being included in these supplemental responses because she was recently disclosed by the Plaintiff.

(Doc. 29-4 at 1.) While the Court questions whether Defendant should have included Ms. Moman in its list of individuals likely to have discoverable information, Plaintiff has not provided any evidence that Defendant concealed her identity—especially considering that her name was on the relevant incident report which Defendant included in its initial disclosures in April 2026—or was otherwise not responsive to discovery requests related to her. Thus, this factor weighs against Plaintiff.

### F. Prejudice

Plaintiff asserts that "[t]he request is narrow: two depositions, limited to two hours each, completed within 60 days, with Plaintiff bearing the court reporter's costs. Defendant suffers no prejudice." (Doc. 29 at 3.) Defendant has not responded to Plaintiff's motion, so the Court is uncertain whether Defendant agrees there will be no prejudice. However, a sixty-day extension risks jeopardizing the remaining deadlines in this case. *See Snowden v. Schneider Elec. USA, Inc.*, No. 5:19-CV-192, 2019 WL 13301635, at *2 (E.D. Ky. Dec. 3, 2019) ("[E]xtending the discovery

deadline thirty (30) days would require the Court to push back the dispositive motion deadline, which could result in changes to other deadlines and proceedings."). The dispositive motion deadline has already passed and motions in limine are due in approximately one month. (Doc. 15 at 2.) A sixty-day extension would result in changes to other deadlines and further delay this matter, causing prejudice.

In sum, the Court finds that Plaintiff has not demonstrated "good cause" under Federal Rule of Civil Procedure 16 to warrant modifying the scheduling order and Defendant would be prejudiced by the requested extension.

## IV. CONCLUSION

Because Defendant's motion for summary judgment was withdrawn, the Court will **DENY AS MOOT** any relief requested pursuant to Rule 56. The Court will also **DENY** the remainder of Plaintiff's motion (Doc. 29) seeking a discovery extension pursuant to Rule 16.

**AN APPROPRIATE ORDER WILL ENTER.**

**/s/ ______________________________**
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**